# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MARCOS MENCHU SUM
a/k/a HUGO
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

786MM INC.
d/b/a PASSATO PIZZA & GRILL
2455 18th Street NW
Washington, DC 20009

MINAHIL CORP.
d/b/a PIZZA BOLI'S
1511 U Street NW
Washington, DC 20009

AMAD AMJAD
10727 Twin Overlook Place
Laurel, MD 20723

ADEEL AMJAD
10727 Twin Overlook Place
Laurel, MD 20723

    Defendants.

Civil Action No. _____

## COMPLAINT AND JURY DEMAND

1. Defendants own Passato Pizza & Grill and Pizza Boli's, two pizzerias in Washington, D.C. at which Defendants employed Plaintiff concurrently. Though Plaintiff worked well over forty hours per workweek across both restaurants, Defendants split Plaintiff's pay between multiple paychecks and failed to pay Plaintiff overtime wages for his overtime hours. Moreover, Defendants also failed to pay Plaintiff the D.C. minimum wage.

2.     Plaintiff brings this action against 786MM Inc.; MINAHIL Corp.; Amad Amjad; and Adeel Amjad ("Defendants") to recover damages for their willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5.     Plaintiff Marcos Menchu Sum is an adult resident of the District of Columbia. He is also known as "Hugo" by Defendants.

6.     Defendant 786MM Inc. is a District of Columbia corporation. It does business as Passato Pizza & Grill ("Passato"). Its principal place of business is located at 2455 18th Street NW, Washington, DC 20009. Its registered agent for service of process is Amad Amjad, 2455 18th Street NW, Washington, DC 20009.

7.     Defendant MINAHIL Corp. is a District of Columbia corporation. It does business as Pizza Boli's ("Pizza Boli's"). Its principal place of business is located at 1511 U Street NW, Washington, DC 20009. Its registered agent for service of process is Amad Amjad, 1511 U Street NW, Washington, DC 20009.

2

8.    Defendant Amad Amjad is an adult resident of Maryland. He resides at 10727 Twin Overlook Place, Laurel, MD 20723. He is an owner and officer of Defendant MINAHIL Corp. and 786MM Inc. He exercises control over the operations of MINAHIL Corp. and 786MM Inc. — including their pay practices.

9.    Defendant Adeel Amjad is an adult resident of Maryland. He resides at 10727 Twin Overlook Place, Laurel, MD 20723. He too is an owner and officer of Defendant MINAHIL Corp. and 786MM Inc. He exercises control over the operations of MINAHIL Corp. and 786MM Inc. — including their pay practices.

**Allegations Regarding Joint Employment**

10.    At all relevant times, Defendants required Plaintiff to split his weekly work schedule between Passato and Pizza Boli's.

11.    At all relevant times, Defendants required other hourly employees besides Plaintiff to split their weekly work schedules between Pizza Boli's and Passato.

12.    Defendants coordinated the schedules of Plaintiff — and the other hourly employees who worked concurrently at both restaurants — so as not to cause a conflict with any one restaurant's staffing needs.

13.    At all relevant times, Defendants assigned Plaintiff the same job duties at both restaurants.

14.    At all relevant times, Defendants operated Pizza Boli's and Passato as though they were one employer in relation to Plaintiff.

15.    At all relevant times, Defendants shared resources and materials between the various locations of Pizza Boli's and Passato.

16.    At all relevant times, Pizza Boli's and Passato were owned and/or controlled by the same individuals.

**Factual Allegations**

17.   Plaintiff worked at Passato, located at 2455 18th Street NW, Washington, DC 20009 and at Pizza Boli's, located at 1511 U Street NW, Washington, DC 20009.

18.   Plaintiff worked for Defendants from approximately June 28, 2023 through approximately December 6, 2025.

19.   Plaintiff initially interviewed for employment at Pizza Boli's and, as part of the hiring process, completed an approximately two-hour working interview in the kitchen. Following that interview, Plaintiff was provided with a work schedule at Passato. Approximately one week later, Defendants began assigning Plaintiff shifts at both Passato and Pizza Boli's, and Plaintiff thereafter performed work for both restaurants at Defendants' direction.

20.   Plaintiff worked at Passato and Pizza Boli's concurrently during the same workweeks, regularly performing shifts for both establishments within a single workweek at Defendants' direction.

21.   Plaintiff worked at Passato and Pizza Boli's as a kitchen laborer.

22.   Plaintiff's job duties at Passato and Pizza Boli's primarily consisted of food prepping; baking pizzas; organizing deliveries; and keeping his work area clean.

23.   At all relevant times, Defendants paid Plaintiff by the hour via check on a weekly basis.

24.   At Passato and Pizza Boli's, Plaintiff was paid approximately the following hourly rates:

| Approximate Dates | Approximate Hourly Rate |
|---|---|
| Jun. 28, 2023–Nov. 30, 2023 | $13.00–$15.00 |
| Dec. 01, 2023–Apr. 15, 2024 | $14.50 |
| Apr. 16, 2024–Jan. 15, 2025 | $13.30–$14.80 |
| Jan. 16, 2025–Dec. 06, 2025 | $14.30–$16.40 |

25.   At Passato, Plaintiff typically and customarily worked an average of thirty to forty-six hours per week.

4

26.     At Pizza Boli's, Plaintiff typically and customarily worked an average of twenty to thirty-five hours per week.

27.     Across both restaurants, Plaintiff typically and customarily worked an average of fifty-five to seventy-two hours per week.

28.     For example, during the week of August 18, 2025 through August 24, 2025, Plaintiff worked 40.50 hours at Passato, *see* Ex. A (timesheet), and 20.94 hours at Pizza Boli's. He was paid $14.62 per hour at both restaurants. *See* Ex. B (paychecks). Defendants did not provide Plaintiff with a paystub. However, the hourly rate may be calculated by taking each respective pizzeria's paycheck and dividing the sum by the number of hours worked.

29.     At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

30.     At all relevant times, Defendants failed to aggregate the hours Plaintiff worked across both restaurants for purposes of calculating his overtime pay.

31.     At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

32.     In addition to not paying overtime wages, at all relevant times, Defendants paid Plaintiff an hourly wage that was less than the D.C. minimum wage.

33.     The District of Columbia required employers to pay non-exempt employees at least $16.10 per hour from July 1, 2022, through June 30, 2023; $17.00 per hour from July 1, 2023, through June 30, 2024; $17.50 per hour from July 1, 2024, through June 30, 2025; and $17.95 per hour since July 1, 2025. *See* D.C. Code § 32-1003(a).

34.     Defendants owe Plaintiff approximately **$110,000.00** in minimum and overtime wages (excluding liquidated damages).

35.     Defendant Amad Amjad participated in setting the hours of operation at Passato and Pizza Boli's.

36.     Defendant Amad Amjad participated in hiring and firing employees on behalf of 786MM Inc. and MINAHIL Corp.

37.     Defendant Amad Amjad hired Plaintiff.

38.     Defendant Amad Amjad set Plaintiff's work schedule.

39.     Defendant Amad Amjad participated in the decision to employ Plaintiff across both restaurants during the same workweeks.

40.     Defendant Amad Amjad set Plaintiff's rate and manner of pay.

41.     Defendant Amad Amjad supervised and controlled Plaintiff's work.

42.     Defendant Amad Amjad had the authority to sign checks on behalf of 786MM Inc. and MINAHIL Corp.

43.     Defendant Amad Amjad signed checks on behalf of 786MM Inc. and MINAHIL Corp.

44.     Defendant Amad Amjad signed Plaintiff's paychecks.

45.     Defendant Adeel Amjad participated in setting the restaurants' hours of operation.

46.     Defendant Adeel Amjad participated in hiring and firing employees on behalf of 786MM Inc. and MINAHIL Corp.

47.     Defendant Adeel Amjad participated in the decision to hire Plaintiff.

48.     Defendant Adeel Amjad participated in setting Plaintiff's work schedule.

49.     Defendant Adeel Amjad participated in the decision to employ Plaintiff across both restaurants during the same workweeks.

50.     Defendant Adeel Amjad participated in setting Plaintiff's rate and manner of pay.

51.     Defendant Adeel Amjad participated in supervising and controlling Plaintiff's work.

52.     Defendant Adeel Amjad had the authority to sign checks on behalf of 786MM Inc. and MINAHIL Corp.

53.     At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

54.     At all relevant times, each Defendant was aware that they were legally required to timely pay Plaintiff all wages legally due to him.

55.     At all relevant times, the annual gross volume of 786MM Inc. and MINAHIL Corp. each exceeded $500,000.00.

56.     At all relevant times, 786MM Inc. and MINAHIL Corp. each had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

57.     At all relevant times, 786MM Inc. and MINAHIL Corp. each had two or more employees who handled food products such as cheese, pepperoni, and vegetables that had been produced or grown outside of the District of Columbia.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

58.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

59.     Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

60.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

61.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

62.     Defendants' violations of the FLSA were willful.

63.     For their violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

64.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

65.     Each Defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

66.     The DCMWA required employers to pay non-exempt employees at least $16.10 per hour from July 1, 2022, through June 30, 2023; $17.00 from July 1, 2023 through June 30, 2024; $17.50 from July 1, 2024 through June 30, 2025; and $17.95 since July 1, 2025. D.C. Code § 32-1003(a).

67.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

68.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff the required D.C. minimum wage.

69.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one work-week.

70.     For their violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

71.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

72.     Each Defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

73.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

74.     For purposes of the DCWPCL, "wages" include, among other things, minimum and over-time wages. D.C. Code § 32-1301(3).

75.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

76.     For their violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$440,000.00**, and grant the following relief:

a.      Award Plaintiff $440,000.00, consisting of the following overlapping elements:

    i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.      unpaid minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    iii.      unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1);

d.      Award Plaintiff court costs; and

e.      Award any additional relief the Court deems just.

June 2, 2026                                      Respectfully submitted,

                                                 **DCWAGELAW**

                                                 By: /s/ Justin Zelikovitz
                                                 JUSTIN ZELIKOVITZ, #986001
                                                 JONATHAN P. TUCKER, #1026050
                                                 519 H Street NW
                                                 Washington, DC 20001
                                                 Phone: (202) 803-6083
                                                 Fax: (202) 683-6102
                                                 justin@dcwagelaw.com
                                                 jt@dcwagelaw.com

                                                 *Counsel for Plaintiff*

# JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a

trial by jury on all issues so triable.

June 2, 2026                                      By: /s/ Justin Zelikovitz
                                                 JUSTIN ZELIKOVITZ, #986001

11

EXHIBIT

A

exhibitsticker.com



### Attendance Summary

#### Attendance Summary Report

For pay period beginning: < 📅 Mon 8/18/25 > | Print | ⓘ Info/Tools

| Name | Tot ST | Tot ST Pay | Tot OT | Tot OT Pay | Rate | Amt Due | Cash Tips | Credit Tips | Total |
|------|--------|-----------|--------|-----------|------|---------|-----------|-------------|-------|
| Hugo | 40:00 | $40.00 | 0:50 | $1.25 | $1.00 | $41.25 | $0.00 | $0.00 | |

**EXHIBIT**

**B**

_____

exhibitsticker.com

